UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TERREALL A. MCDANIEL, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:23-cv-182-GFVT |
| ) | |
| v. ) | |
| ) | |
| J. GILLEY, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

*** *** *** ***

Federal inmate Terreall McDaniel has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

Following a bench trial in 2017, McDaniel was convicted of numerous drug trafficking and firearms offenses. During sentencing the trial court concluded that McDaniel had three or more prior convictions for "serious drug offenses," qualifying him for the armed career criminal enhancement found in 18 U.S.C. § 924(e). As a result, the trial court imposed a total sentence of 622 months imprisonment. *United States v. McDaniel*, No. 4: 15-CR-240-RK-1 (W.D. Mo. 2015). McDaniels appealed on numerous grounds, among them that his three prior drug convictions under Mo. Rev. Stat. § 195.211 did not qualify as "serious drug offenses" within the meaning of § 924(e). The Eighth Circuit disagreed and affirmed. *United States v. McDaniel*, 925 F.3d 381, 387-88 (8th Cir. 2019), *cert. denied*, 140 S. Ct.1272 (2020). In his habeas petition, McDaniel reasserts his unsuccessful appellate claim in two short sentences. [R. 1 at 5]

The Court will dismiss the petition for two reasons. First, McDaniel's conclusory and wholly-unexplained statement that his state drug offenses did not qualify as ACCA predicates

1

fails to adequately articulate a claim for relief: a petition must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) to habeas corpus petitions); *see also Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing.").

Second, the Supreme Court has made clear that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [§ 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. 465, 476 (2023). There are narrow exceptions, but none apply here. Faced with a similar claim, the Sixth Circuit recently made clear that dismissal of the § 2241 petition for lack of jurisdiction was required: "Garner challenges the legality of his sentence, and he relies on cases that interpret the ACCA. *Jones* prohibits Garner from raising such claims in a § 2241 petition. *See* [*Jones*] at 1869 ("The inability of a prisoner with a statutory claim to satisfy th[e] conditions [of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.")." *Garner v. Gilley*, No. 23-5114, 2023 WL 5525050, at *2 (6th Cir. Aug. 23, 2023).

Accordingly, the Court **ORDERS** as follows:

1. The Clerk shall identify "Terreall McDaniel" as the petitioner in the docket.
2. Terreall McDaniel's petition [R. 1] is **DISMISSED** for lack of jurisdiction.
3. This matter is **STRICKEN** from the docket.

This the 24th day of October 2023.

Gregory F. Van Tatenhove
United States District Judge

3